# In the United States Court of Federal Claims

No. 25-1531
Filed: April 28, 2026

|  |
|---|
| **JUSTIN BURSON,** <br><br>          *Plaintiff,* <br><br> **v.** <br><br> **THE UNITED STATES,** <br><br>          *Defendant.* |

*Justin Burson*, Honolulu, HI, Pro se.

*Eric J. Smith*, Trial Attorney, *Jason Bergman*, Assistant Director, *Joshua Wu*, Deputy Assistant Attorney General, and *Brett A. Shumate*, Assistant Attorney General, Tax Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**TAPP, Judge.**

Pro se Plaintiff Justin Burson ("Mr. Burson") seeks $10,055.00 in connection with his 2021 tax return, and $3,070.98 in interest for a total of $13,125.98. (Compl. at 3, ECF No. 1). The United States moves to dismiss Mr. Burson's claims for lack of subject matter jurisdiction, arguing that Mr. Burson failed to pay his tax deficiency and therefore fails to satisfy the jurisdictional prerequisites for filing this suit. (Def.'s Mot. at 3–4, ECF No. 10). Additionally, the United States asserts that Mr. Burson's suit is untimely as it was filed more than two years after the Internal Revenue Service's ("IRS") notice of disallowance. (*Id.* at 4–6). The Court agrees with the United States and therefore **GRANTS** its Motion. *See* RCFC 12(b)(1).

Mr. Burson submitted IRS transcripts showing a $105,856 tax liability, which he asserts was fully offset by $147,899 in withholdings and $24,013 in credits. (*See* Compl. Ex. at 32, ECF No. 1-4).[1] On November 14, 2022, the IRS issued a notice of disallowance stating that it could not "verify the total federal withholding amount reported on [his] tax return" and correcting his account to reflect the verified amount which resulted in a "balance due to the [IRS]." (Def.'s Mot. Ex. A, at 2, ECF No. 10-1). The IRS reversed $147,854 of Mr. Burson's reported

---

[1] Mr. Burson's exhibits are not consecutively paginated, therefore this opinion refers to the page numbers assigned by CM/ECF.

withholdings and adjusted his account to reflect a balance due of $87,655.09 due for the 2021 tax year.[2] (Compl. Ex. at 32).

Mr. Burson later filed an amended return for the 2021 tax year on February 18, 2025. (Compl. at 3; *see also* Compl Ex. at 4–5 (amended tax return Form 1040-X dated February 18, 2025)). The amended return reported a total tax liability of $161,857, once again offset by a claimed $147,899 in federal tax withholdings and $24,013 in refundable credits. (Compl. Ex. at 4–5, 7). Additionally, Mr. Burson's amended return claimed he was entitled to an overpayment refund in the amount of $10,055. (*Id.* at 7). Claiming that the IRS had not acted on his claim, Mr. Burson filed the present action on September 15, 2025, claiming entitlement to the $10,055 refund, plus statutory interest, "in the amount of $3,070.98[,]" for the 2021 tax year. (Compl. at 3).

The Tucker Act grants this Court jurisdiction over claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Under RCFC 12(b)(1), the burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

While the pleadings of pro se plaintiff are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they must still meet their jurisdictional burden. *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court also acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys, *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987); nevertheless, even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)). Pursuant to RCFC 12(b)(1), dismissal "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Palafox St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 779 (2014) (internal citation omitted).

Generally, a taxpayer must fully pay the assessed federal income tax deficiency before initiating a refund suit in this Court. *See Flora v. United States*, 362 U.S. 145, 150 (1960) (interpreting 28 U.S.C. § 1346(a)(1)'s jurisdiction regarding recovery of internal-revenue tax to require complete payment of the tax prior to suit). The Federal Circuit has heralded the "full-payment rule" as "a jurisdictional prerequisite[;]" in other words, failure to fully pay divests jurisdiction. *See Shore v. United States*, 9 F.3d 1524, 1527–28 (1993) (holding that "the *Flora*

---

[2] The IRS account transcripts attached to Mr. Burson's Complaint show that the 2021 balance remains unpaid as of September 22, 2025, and that interest and failure to pay penalties continue to accrue. (*See* Compl. Ex. at 32, ECF No. 1-4).

full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491[.]").

Here, it is undisputed that Mr. Burson has not fully paid his assessed tax liability. Mr. Burson's Complaint does not allege full payment, and the IRS account transcripts he provides reflect an outstanding balance of $87,655.09 for the 2021 tax year. (*See* Compl.; Compl. Ex. at 32). In addition, the United States produced additional transcripts reflecting that this balance remains outstanding as of December 4, 2025. (Def.'s Mot. Ex. B at 4, ECF No. 10-2). Mr. Burson claims that the full-payment rule does not deprive the Court of jurisdiction because the tax deficiency is disputed. (Pl.'s Resp. at 3–4, ECF No. 14). This premise is illogical; if the tax liability were not in dispute, there would be no basis for bringing a claim before this Court. Further, this premise also misunderstands the function of this Court, which possesses authority only to award monetary damages against the United States. Where a tax liability has not been prepaid, no money-mandating relief exists for the Court to grant. *Est. of Armitage v. United States*, 176 Fed. Cl. 199, 204 (2025) (there is no basis for awarding a refund for money that was never actually paid); *Flora v. United States*, 357 U.S. 63, 75, 78 (1958) (individuals are "free to litigate in the Tax Court without any advance payment."). Simply stated, to establish jurisdiction in this Court, Mr. Burson must fully pay the assessed taxes, penalties, and interest—requirements he has not satisfied. *Wade v. United States*, 138 Fed. Cl. 276, 278 (2018) (citing 26 U.S.C. § 7422(a) (2012)); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

The United States also asserts that, even assuming prepayment, Mr. Burson's suit is untimely because his second refund claim is substantively identical to the claim the IRS disallowed in 2022. (Def.'s Mot. at 4–6). The Court agrees. "[T]he Federal Circuit has recognized that that 26 U.S.C. § 6532(a) sets forth a strict two-year statute of limitations on tax refund claims following disallowance of a claim by the IRS, for which 'there is no implied equitable exception[.]'" *Jackson v. United States*, 100 Fed. Cl. 34, 44 (2011) (quoting *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1463 (Fed. Cir. 2998)). The two-year timeline begins to run from the date the IRS mails the disallowance notice, rather than the taxpayer's receipt. Under § 6532(a)(1), a taxpayer is required to file suit within two years of the mailing of a notice of disallowance. 26 U.S.C. § 6532; *Rosser v. United States*, 9 F.3d 1519, 1522 (1993). Failure to file a claim within this timeline deprives the Court of subject matter jurisdiction. *RHI Holdings*, 142 F.3d at 1461–63. In this case, Mr. Burson's initial claim was denied on November 14, 2022. (Def.'s Mot. Ex. A, at 2).

Mr. Burson argues that his amended tax return "reflects material changes to income, tax liability, and refund calculations . . . [including] a foreign tax redetermination[,]" such that it cannot be characterized as identical to the original claim. (Pl.'s Resp. at 4–5). His amended return reports a total tax liability of $161,857, an increase of $56,001 from the $105,856 reported on his original tax return. (*Compare* Compl. Ex. at 32, *with* Compl. Ex. at 4). Mr. Burson further contends that these recalculations arise from new facts, specifically the asserted "foreign tax redetermination." (Pl.'s Resp. at 6–7 (citing 26 U.S.C. § 905(c)(1)). Accordingly, he maintains that the amended return "invoked a distinct statutory and regulatory framework" requiring a new administrative determination and was not merely a request for reconsideration of a previously disallowed claim. (*Id*. at 6).

The Court disagrees with Mr. Burson's characterization. Both claims concern the same tax year, the same $24,013 refundable credit, and the same $147,899 in tax withholding

previously disallowed by the IRS. (*Compare* Compl. Ex. at 6–7, *with* Compl. Ex. at 30). The only difference is the amount of refund requested. (*Compare* Compl. Ex. at 7 (requesting an overpayment refund of $10,055), *with* Compl. Ex. at 37 (requesting an overpayment refund of $66,056)). Although the second claim seeks a different refund amount, it rests on the same operative grounds as the first, rendering the two claims substantively indistinguishable. Accordingly, the Court finds that Mr. Burson's second refund claim is, in substance, a request for the IRS to reconsider its denial of his first claim and does not toll the statute of limitations. *Compare Jones v. United States*, 26 Cl. Ct. 424, 425 (1992) (holding that where a second set of refund claims are identical to the first set of refund claims "in all material respects," the second set of refund claims does not change the statute of limitations (citing 26 U.S.C. § 6532(a)(4)), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)), and *B. Altman & Co. v. United States*, 69 Ct. Cl. 721, 727 (1930) ("The second refund claim . . . raises no new issue, involves no additional assessment made subsequent to the filing and denial of the first, and could not by any possibility occasion a reopening of plaintiff's tax liability[.]"), *with Charlson Realty Co. v. United States*, 181 Ct. Cl. 262, 270 (1967) ("[T]he two claims are separate and distinct . . . the second claim alleges and asserts facts, grounds, and theories for recovery different from those set forth in the first claim."); *see also Pacetti  v. United States*, 50 Fed. Cl. 239, 249 (2001) (determining that the filing of a second claim for an increased amount of refund for the same taxable periods does not alter the statute of limitations).

Further, Mr. Burson's reliance on 26 U.S.C. § 905(c) does not change this conclusion. Mr. Burson argues that his amended return constitutes a new administrative claim because it includes a foreign tax redetermination. (Pl.'s Resp. at 6–7 (citing 26 U.S.C. § 905(c)(1)). Section 905(c)(1) requires taxpayers to notify the Secretary when foreign taxes previously claimed as a credit are adjusted and requires the IRS to redetermine U.S. tax liability. 26 U.S.C. § 905(c)(1)). Because the statute requires only notice and redetermination, not the filing of a new claim, a § 905(c) adjustment does not restart the limitations period or revive a previously disallowed claim. While this statutory mechanism imposes a procedural reporting requirement, it does not alter the essential character of the underlying claim and thus does not create a new claim capable of triggering an independent limitations period. *See AMP Inc. v. United States*, 40 Fed. Cl. 172, 182 (1998) (explaining the reporting requirements of § 905(c)); *see also Schaeffler v. United States*, 889 F.3d 238, 244 (5th Cir. 2018) (finding that § 905(c) "is merely a notification provision[.]"). Because Mr. Burson's reliance on § 905(c) does not demonstrate a materially different claim, this Court may not exercise jurisdiction.

For the reasons stated herein, the United States' Motion to Dismiss, (ECF No. 10), is **GRANTED**. This matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction under RCFC 12(b)(1).[3] The Clerk **SHALL** enter judgment accordingly. The Clerk is

---

[3] Under 28 U.S.C. § 1631, a Court shall transfer an action only when: (1) it lacks jurisdiction; (2) the case could have been brought in the transferee court; and (3) transfer serves the interest of justice. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). In addition, "the court . . . is without authority under the federal transfer statute, 28 U.S.C. § 1631, to transfer plaintiffs' claims to the United States Tax Court because it is not specifically enumerated as a 'court' under 28 U.S.C. § 610." *Skillo v. United States*, 68 Fed. Cl. 734, 747 (2005). Here, the record contains no evidence

**DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[4]

    **IT IS SO ORDERED.**



_David A. Tapp_
DAVID A. TAPP, Judge

---

of a notice of deficiency that would permit Tax Court jurisdiction, and the suit is untimely; transfer is therefore unwarranted.

[4] The Court clarifies that this provision does not act as an anti-filing injunction or a sanction. _Allen v. United States_, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is plaintiff required to seek leave before filing future actions in this Court. _See id._ This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.